IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| SOCIEDAD AERONAUTICA DE, SANTANDER S.A., | ) ) ) | CV 09-103-M-DWM |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| FREDERICK WEBER, | ) ) | |
| Defendant. | )_____ ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and

Recommendation in this matter on May 20, 2010.  Judge Lynch recommended

granting Defendant Frederick Weber's ("Weber") motion for summary judgment

and denying Plaintiff Sociedad Aeronautica De Santander S.A.'s ("Sociedad)

motion for summary judgment.  Sociedad timely objected on June 7, 2010.

Sociedad therefore is entitled to de novo review of those portions of the Findings

and Recommendation to which it objected.  28 U.S.C. § 636(b)(1).  The portions

of the Findings and Recommendation not specifically objected to will be reviewed

for clear error.  <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656

F.2d 1309, 1313 (9th Cir. 1981).

   Because I agree with Judge Lynch's analysis and conclusions, I adopt his

Findings and Recommendation in full.  The parties are familiar with the factual

background of this case, so it will not be restated here.

   Judge Lynch found that Weber's motion should be granted and Sociedad's

motion should be denied based on general principles of Montana contract law.

Judge Lynch found the parties modified their contract for the purchase of a

helicopter to extend the date for Sociedad to pay the entire purchase price in

exchange for releasing Sociedad's $100,000 deposit to Weber.  Judge Lynch

concluded that, because the parties had a fully executed oral agreement to modify

the contract by allowing Weber to retain the deposit in exchange for the extension

of the closing date, Sociedad is not entitled to the return of the deposit based on

subsequent events that prevented the completion of the sale.  <u>See</u> Mont. Code

Ann. § 28-2-1602 (permitting modification of written contract by executed oral

agreement).   Sociedad does not object to this portion of Judge Lynch's findings.

   Although the parties relied on general principles of Montana contract law,

in its response to Weber's motion for summary judgment, Sociedad mentioned in

passing the Uniform Commercial Code's ("UCC") statute of frauds.  Pl.'s Resp Br.

at 5 (dkt #29).  Judge Lynch thus addressed the statute of frauds "out of an

abundance of caution" even though the parties did not argue the issue.  Findings &

Rec. at 17, n. 7.  Judge Lynch concluded that under the UCC, the result would be

the same.  Montana's UCC provisions state in pertinent part that:

> (2)   A signed agreement which excludes modification or rescission
>        except by a signed writing cannot be otherwise modified or
>        rescinded, but except as between merchants such a requirement
>        on a form supplied by the merchant must be separately signed
>        by the other party.
>
> (3)   The requirements of the statute of frauds section of this chapter
>        (30-2-201) must be satisfied if the contract as modified is
>        within its provisions.
>
> (4)   Although an attempt at modification or rescission does not
>        satisfy the requirements of subsection (2) or (3) it can operate
>        as a waiver.

Mont. Code Ann. § 30-2-209(2)-(4).  The agreement between the parties excluded

oral modifications, and Judge Lynch found that if the UCC applied, the parties

were required to satisfy the statute of frauds to modify the contract.  However,

Mont. Code Ann. § 30-2-209(4) allows a waiver of the statute of frauds

requirements if the parties have otherwise attempted to modify the contract.

Based on the parties' fully executed agreement to extend the closing date in

exchange for releasing the $100,000 deposit to Weber, Judge Lynch concluded

that under Mont. Code Ann. § 30-2-209(4) the parties had waived the defense of the statute of frauds and Weber was entitled to retain the deposit.

Sociedad objects to this finding, apparently altering its position to argue now that the UCC provisions apply, rather than general Montana contract law.  It argues there was no waiver and the parties were required to comply with the statute of frauds to modify the contract.  Sociedad bases its argument on a Montana case which concluded a party had waived the statute of frauds through its course of performance that modified the original contract.  Fire Supply & Service, Inc. v. Chico Hot Springs, 639 P.2d 1160, 1163-64 (Mont. 1982).   Sociedad asserts that Fire Supply requires the parties to demonstrate a course of performance to waive the statue of frauds, and there was no course of performance here.  However, Fire Supply did not conclude that course of performance is the only means by which parties may waive the requirements of the statute of frauds, but merely one means to show waiver.  The commentary to the statute addressing course of performance recognizes that, "[t]he parties themselves know best what they have meant by their words of agreement and their action under that agreement is the best indication of what that meaning was."  Mont. Code Ann. § 30-2-208, cmt. 1, 4.  I agree with Judge Lynch that the actions of the parties here indicated their intent to modify the contract.  When the parties executed their oral agreement

by extending the closing date in exchange for releasing the deposit to Weber, their attempted modification waived the statue of frauds. Even assuming it is appropriate for Sociedad to rely now on the UCC provisions in contrast to its earlier position, Judge Lynch correctly found that the parties waived the requirements of the statute of frauds.

I find no clear error in Judge Lynch's remaining Findings and Recommendation.  Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #31) are adopted in full. Weber's motion for summary judgment (dkt #23) is GRANTED and Sociedad's motion for summary judgment (dkt #18) is DENIED.  Weber is entitled to judgment as a matter of law on Sociedad's breach of contract and declaratory judgment claims, as well as on his counterclaim.

The Clerk of Court is directed to enter judgment in favor of Weber and against Sociedad and close the case.

Dated this 14th day of July, 2010.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT